IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

ROBERT LOUIS ROSS, SR.,            )
                                   )
            Petitioner,            )
                                   )
                                   )      CIV-08-33-C
v.                                 )
                                   )
DAVID PARKER, Warden,              )
                                   )
            Respondent.            )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Unlawful Delivery of Controlled Substance After Former Conviction of Two or More Felonies entered in the District Court of Custer County, Case No. CF-2003-85. Respondent has responded to the Petition and filed the relevant state court records, including the original record (hereinafter "OR__") and transcript of Petitioner's jury trial (hereinafter "TR__"). Petitioner has also filed a reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

1

I. <u>Background</u>

In an information filed in the District Court of Custer County on March 5, 2003, Petitioner was charged with delivering cocaine base to a confidential informant. Petitioner was charged with having committed this offense after four prior felony convictions, including three convictions for unlawful delivery of controlled substance. A jury trial was conducted on the criminal charge on September 26, 2003. The confidential informant, Ms. Schultz, testified at the trial that she and her husband had agreed in November 2002 with a detective in the Clinton Police Department, Detective Murley, to make controlled drug purchases in an effort to "stop our drug addiction." TR 123. Ms. Schultz testified that at that meeting she gave Detective Murley information concerning individuals from whom she could purchase controlled substances. TR 125-126.

Ms. Schultz testified that on February 14, 2003, she called Detective Murley and advised him she could make a controlled drug purchase from Petitioner that day. She testified that she contacted Petitioner and asked to purchase $20.00 of crack cocaine, that Detective Murley gave her $20.00 and searched her person and her vehicle, and that she then went to Dave's Stop and Shop in Clinton, Oklahoma, where she met Petitioner and purchased the crack cocaine while two police detectives waited in a parking lot across the street. TR 125-134. Ms. Schultz testified that after the purchase she gave Detective Murley the cocaine and that he searched her person and her vehicle again. TR 132-133. Detective Murley testified consistently with Ms. Schultz concerning the controlled drug purchase from Petitioner. TR 169-178.

A criminalist testified that the substance Ms. Shultz purchased from Petitioner was .15 grams of cocaine base. TR 201-208.  Jurors also viewed a videotape of the purchase made by a Clinton police officer. TR 219-220.   The jury found Petitioner guilty of the offense. In the second stage of the proceedings, Petitioner stipulated to the evidence that he had three prior felony convictions for unlawful delivery of controlled substance. TR 251-258. The jury found that Petitioner had committed the offense after three prior felony convictions and recommended a sentence of 80 years of imprisonment and a $20,000.00 fine. TR 258. Petitioner was sentenced on November 25, 2003, to an 80-year term of imprisonment with no fine.

Petitioner appealed the conviction.  In his appeal, Petitioner argued that prosecutorial misconduct during closing arguments denied him a fair trial and that the trial court committed reversible error by failing to instruct the jury on entrapment. Response, Ex. 1 (Brief of Appellant).  The State responded in opposition to these claims. Response, Ex. 2 (Brief of Appellee).  In an unpublished opinion, the Oklahoma Court of Criminal Appeals ("OCCA") concluded that Petitioner's contentions were without merit. Response, Ex. 3 (Ross v. State No. F-2003-1324 (Okla. Crim. App. Feb. 7, 2005)(unpublished op.)).  The court concluded without explanation that the prosecutor's closing argument did not deprive Petitioner of a fair trial or result in an excessive sentence, citing the court's previous decision in Rea v. State, 34 P.3d 148, 149 (Okla. Crim. App. 2001)(OCCA's "shock the conscience" standard for review of length of sentences is appropriate in light of "broad discretion" given sentencer in Oklahoma to impose a sentence anywhere within a specified statutory range).  In finding that

the trial court did not err when it refused Petitioner's requested instructions on entrapment, the OCCA cited without explanation the court's previous decision in <u>Cooper v. State</u>, 810 P.2d 1303, 1305 (Okla. Crim. App. 1991)("It is not entrapment for police to simply furnish a defendant with an opportunity to commit a crime.").

Petitioner subsequently filed an application for post-conviction relief in the District Court of Custer County in which he alleged in ground one that the OCCA violated Petitioner's rights under Oklahoma and federal law when it allowed a judge who had been forced to resign for misconduct to hear Petitioner's direct appeal during an investigation by the Oklahoma Attorney General.  He raised in grounds two and three of the post-conviction application the same two claims of prosecutorial misconduct and jury instruction error asserted in his direct appeal.   In ground four, Petitioner alleged that he was denied effective assistance of counsel because his counsel did not pursue an entrapment defense or challenge the racial composition of the jury.  In ground five, Petitioner asserted that purposeful racial discrimination in the selection of the jury violated his rights pursuant to <u>Batson v. Kentucky,</u>476 U.S. 79 (1986). Response, Ex. 4.

On May 11, 2007, the district court entered findings and denied Petitioner's post-conviction application. Response, Ex. 7.  The court found that Petitioner had previously raised his claims in grounds two, three, and four of the post-conviction application in his direct appeal and these claims were "therefore denied."  With respect to Petitioner's claim in ground one, the court found that Petitioner's appeal was

> decided February 7, 2005.  The Court of Criminal Appeals
> Judge he now complains of resigned his office effective March
> 1, 2005.  Petitioner's appeal was decided some three weeks prior
> to his resignation.  Likewise the CCAD 2005-3 order was
> subsequent to the decision of the Court of Criminal Appeals in
> Petitioner's case.  Clearly, Petitioner's claim of bias on the part
> of Judge Lile is not supported by the facts.  Had Judge Lile's
> vote been for reversal Petitioner's appeal is still affirmed by
> vote of three (3) to one (1) for reversal and one (1) Concurring
> in Part/Dissents in Part.  Lile's vote even assuming he should
> have recused does not change the outcome of this case.

Response, Ex. 7, at 2.  The court also found that Petitioner's claim in ground five of a Batson

violation in the selection of the jury lacked merit.  Alternatively, the court found that this

claim "could have and should have been raised on direct appeal and was not." Id.

The OCCA issued an order on August 13, 2007, affirming the district court's decision.

Response, Ex. 8 (Ross v. State, No. PC-2007-524 (Okla. Crim. App. Aug. 13,

2007)(unpublished op.)).  The OCCA found that the doctrine of *res judicata* barred

consideration of "all issues previously ruled upon by this Court" and that "all issues not

raised in the direct appeal, which could have been raised, are waived" under the OCCA's

procedural default rule. Response, Ex. 8, at 1.  The court specifically found that Petitioner's

"claims regarding prosecutorial misconduct and Petitioner's entrapment defense were dealt

with on direct appeal, and could not be raised again in Petitioner's application for post-

conviction relief." Response, Ex. 8, at 3.  Finally, the court found that Petitioner's claims of

judicial bias and racial discrimination in jury selection were not supported by the record.[1]

In his Petition, Petitioner asserts the same grounds for relief urged in his direct appeal and post-conviction application. In ground one, Petitioner contends that his rights under Oklahoma law and federal law (citing statutes having to do with judicial bias and recusal) were violated when the OCCA allowed a judge who had been forced to resign to hear his direct appeal. In ground two, Petitioner contends that prosecutorial misconduct during closing argument denied him a fair trial and resulted in an excessive sentence. In ground three, Petitioner contends that the trial court erred when it refused to give requested jury instructions on entrapment. In ground four, Petitioner contends that he was denied effective assistance of trial counsel because counsel failed to present an entrapment defense at trial and failed to challenge the racial composition of the jury. In ground five, Petitioner contends that his equal protection rights were violated because of "purposeful racial discrimination in selection of the jury, during venire."

## II. Standard of Review - Claims Adjudicated on Direct Appeal and Post-Conviction Appeal

Because the claims raised by Petitioner in grounds one, two, and three were adjudicated on their merits in state court, the standard for reviewing these two claims is prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). With respect

---

[1]Although the OCCA noted in its decision that Petitioner had asserted a claim in his post-conviction application of "ineffective assistance of trial counsel with regard to Petitioner's entrapment claim," the OCCA did not address the merits of this claim in its decision or expressly find that the claim had been procedurally defaulted due to Petitioner's failure to raise the claim in his direct appeal. Response, Ex. 8.

to legal issues raised in these grounds for relief, habeas relief may be awarded only if the appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning.  Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  Federal courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way."  Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).  If there is no clearly established federal law in Supreme Court cases involving facts that are closely-related or similar to those in the case being reviewed, the court need not assess whether the state court's holding was "contrary to" or an "unreasonable application" of established federal law.  House v. Hatch, __ F.3d __, 2008 WL 1947027, * 4-5 (10th Cir. 2008)(interpreting Carey v. Musladin, __ U.S. __ 127 S. Ct. 649, 654 (2006).  Where the Supreme Court's "cases give no clear answer to the question presented, ...., it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law," and habeas "relief is unauthorized" under the explicit language of 28 U.S.C. § 2254(d)(1).  Wright v. Van Patten, __ U.S. __, 128 S. Ct. 743, 747 (2008)(internal quotation and citation omitted).

If "the threshold question as to the existence of clearly established federal law" is answered affirmatively, then the reviewing court must determine whether the state court decision is either contrary to or an unreasonable application of that law.  House, __ F. 3d at

__, 2008 WL 1947027, at * 5. A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Williams, 529 U.S. at 405-406, 413. The "state court decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions." Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*per curiam*). "[A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Id. (quoting Early v. Packer, 537 U.S. 3, 8 (2002)(*per curiam*)).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).

As to any factual issues raised in grounds one, two, and three, the court must

determine whether the state appellate court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  In this regard, AEDPA mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. Appellate Court Judge's Bias

Petitioner contends in ground one of the Petition that the OCCA violated state and federal law by allowing one of its judges, former OCCA Judge Steven E. Lile, to consider Petitioner's direct appeal when Judge Lile was being investigated by the Oklahoma Attorney General.  Judge Lile resigned from his judgeship shortly after the decision was entered in Petitioner's direct appeal.  The OCCA rejected this claim in Petitioner's post-conviction appeal based on its finding that the claim of judicial bias was not supported by the record.

"A fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136 (1955).  An important part of this constitutional guarantee is the right to "a trial before an impartial judge." Rose v. Clark, 578 U.S. 570, 577 (1986)(citing Tumey v. Ohio, 273 U.S. 510 (1927)).  The Supreme Court addressed the elements of a claim of judicial bias in Bracy v. Gramley, 520 U.S. 899 (1997).  In that case, the judge who presided over the habeas petitioner's capital trial was later convicted of taking bribes from defendants in criminal cases and had "fixed" other murder cases during and around the time of the petitioner's trial.  The petitioner argued that the judge "had an interest in a conviction" in his case in order to "deflect suspicion that he was taking bribes in other cases" and therefore that

the petitioner's due process right to a fair trial was violated by the judge's actual bias. Id. at 900-901.

The Court explained that the Due Process Clause "establishes a constitutional floor" regarding a trial judge's qualifications to hear a case which requires that the judge have "no actual bias against the defendant or interest in the outcome of his particular case." Id. at 904-905 (internal quotations and citations omitted).   However, the Court noted that it is "presume[d] that public officials have properly discharged their official duties." Id. at 909 (quotations omitted).   In Bracy, the Court did not resolve the merits of the petitioner's claim of judicial bias but held that the petitioner had shown good cause for discovery under applicable habeas corpus procedural rules where there was evidence that supported his claim of actual bias in his case.   Id.

In the context of habeas corpus, a judge's "appearance of bias" alone does not amount to a due process violation. Welch v. Sirmons, 451 F.3d 675, 701 (10th Cir. 2006)(quotation omitted), cert. denied, __ U.S. __, 127 S. Ct. 2971 (2007).   Thus, Petitioner must "overcome the presumption of judicial integrity" attached to the OCCA's decision in his direct appeal with evidence that former OCCA Judge Lile had "a strong, direct interest in the outcome of" his direct appeal in order to demonstrate a constitutional deprivation. Fero v. Kerby, 39 F.3d 1462, 1479 (10th Cir. 1994).

According to the findings made by the district court in Petitioner's post-conviction proceeding, former OCCA Judge Lile resigned his office effective March 1, 2005, and the decision in Petitioner's direct appeal was issued on February 7, 2005, approximately three

weeks prior to the resignation. Response, Ex. 7.  Petitioner has not shown that the circumstances leading to Lile's resignation bore any connection at all to Petitioner's criminal case.  Four OCCA judges participated in the decision in Petitioner's appeal.  Response, Ex. 3.  All four judges on the panel, including former OCCA Judge Lile, determined that Petitioner's conviction should be affirmed in a summary opinion, and three judges determined that Petitioner's sentence should be affirmed, although one judge was of the opinion that Petitioner's sentence should be modified. Response, Ex. 3.

Nothing in the OCCA's decision or the Petitioner's evidentiary documents present even an appearance of bias against Petitioner by former OCCA Judge Lile.  Petitioner has failed to overcome the presumption of judicial integrity attached to the OCCA's decision in Petitioner's direct appeal.  Accordingly, Petitioner has not shown that the OCCA's decision was contrary to or an unreasonable application of clearly established law as determined by the Supreme Court.  Petitioner is not entitled to habeas relief concerning this claim.

IV. Prosecutorial Misconduct in Closing Argument

In ground two, Petitioner contends that the prosecutor violated his rights to due process and a fair trial.  As support for this claim, Petitioner contends that "he was a drug addict" who was "unconstitutionally convicted" and that the "[p]rosecutor appealed to the jury to impose a lengthy sentence out of personal spite and prejudice...." Petition, at 5. Although Petitioner does not refer to any specific argument by counsel in support of his claim, the Petition is generously construed to raise the same claim of prosecutorial misconduct that Petitioner asserted in his direct appeal.

11

In that claim Petitioner referred to the following argument by the prosecutor at the close of the first stage of Petitioner's trial:

> I also ask that you ask - - you consider the elements.  Look at the location.  The testimony from Ms. Schultz, it's near businesses.  It's near schools.  It's near churches.  It's in the middle of the day.  It's not in a secluded neighborhood where all drug transactions take place, [but] it's out there where the public goes in the middle of the day.
>
> It's time to show Mr. Ross that the public is not going to tolerate that anymore.  Drugs affect families.  They affect jobs.  And I think now it's time to send a message, and I ask that you find Mr. Robert Ross, Sr., the defendant, guilty.  Thank you.

TR 249-250.

Petitioner also cited these statements by the prosecutor during closing arguments in the second stage of Petitioner's trial with respect to the length of sentence to be imposed upon Petitioner as a habitual offender:

> 28 years he's received and he still has not learned his lesson.  He still - - he gets out.  I believe that 1999 - - or 1997 case he was sentenced to 10 years of imprisonment - - 1998, 10 years.  He got out a short while later.  This is only 2003...I submit to you that 28 years total is not enough.  It's not enough to send the message that the State or the people want to send.  We want to get the drug dealers off the street.  Must I remind you it happened in broad daylight at a quick shop near a church, near a school, near businesses.  And I submit to you that we need to send a message to Robert Ross, Sr. and others who are committing this crime.  And I submit to you I ask for 80 years.  Thank you.

TR 255.  Petitioner asserted in his direct appeal that the prosecutor's argument was intended to inflame the passion and prejudices of the jury and inject issues other than the guilt or innocence of Petitioner, and that the argument also improperly raised the issue of parole and

12

the possibility of early release.  Finally, Petitioner asserted that the sentence of 80 years was "clearly excessive" for the offense and that the prosecutor's improper argument "undoubtedly influenced the jury to recommend such a severe sentence." Response, Ex. 1, at 7.  Petitioner conceded that his trial counsel did not object to these arguments, but he asserted that the remarks constituted fundamental error which denied Petitioner a fair trial.  Petitioner asked that his sentence be modified due to the alleged prosecutorial misconduct.  Because of the absence of an objection to any of these remarks, the OCCA reviewed the claim for "plain error" and rejected it without explanation.  Response, Ex. 3, at 2.

In this claim, Petitioner does not allege that the prosecutor's argument directly affected a specific constitutional right.   Under these circumstances, "[h]abeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998)(citing Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974)), cert. denied, 526 U.S. 1052 (1999).  Cf. Torres v. Mullin, 317 F.3d 1145, 1158 (10th Cir.), cert. denied, 540 U.S. 1035 (2003)("Where prosecutorial misconduct directly affects a specific constitutional right such as the presumption of innocence or privilege against self-incrimination, a habeas petitioner need not establish that the entire trial was rendered unfair, but rather that the constitutional guarantee was so prejudiced that it effectively amounted to a denial of that right.").  This determination is made "only after considering all of the surrounding circumstances, including the strength of the state's case." Malicoat v. Mullin, 426 F.3d 1241, 1255 (10th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

13

The Tenth Circuit Court of Appeals recently held that a "prosecutor's appeal to the jury to assist in solving a pressing social problem by convicting [the] Defendant was improper." United States v. Taylor, 514 F.3d 1092, 1104 (10th Cir. 2008). However, even if the prosecutor's closing arguments during the Petitioner's trial were improper, "[a] prosecutor's improper statement to the jury is harmless unless there is reason to believe that it influenced the jury's verdict ....   To warrant reversal, the misconduct must have been flagrant enough to influence the jury to convict on grounds other than the evidence presented." United States v. Gabaldon, 91 F.3d 91, 94 (10th Cir. 1996). Factors relevant to the issue of whether improper commentary affected the fairness of the trial include "whether there was substantial evidence of the defendant's guilt." United States v. Oberle, 136 F.3d 1414, 1420 (10th Cir.), cert. denied, 525 U.S. 885 (1998).   The evidence presented at Petitioner's trial, see infra, provided overwhelming evidence of his guilt.  Moreover, there was testimony that the drug sale occurred in the middle of the day in the parking lot of a convenience store and that a church and other businesses, including a beauty school, were nearby.  TR 146-147, 159.  Accordingly, the prosecutor's argument that the drug sale occurred in broad daylight and near businesses, a church, and a school was based on reasonable inferences from the evidence admitted at the trial.

With respect to the prosecutor's statements during the closing argument in the second stage of the trial, any improper appeal to societal alarm in these comments constituted harmless error.  The Tenth Circuit Court of Appeals has recognized that "even an improper appeal to societal alarm typically does not amount to a denial of due process." Duckett v.

Mullin, 306 F.3d 982, 990 (10th Cir. 2002), cert. denied, 538 U.S. 1004 (2003)(internal

quotations omitted).   The jury had before it stipulated evidence of  Petitioner's three prior

convictions for illegal drug distribution.  Moreover, the sentence recommended by the jury

was within the range of sentencing allowed under Oklahoma law for habitual drug offenders.

OR 151; Okla. Stat. tit. 63, § 2-402.  Petitioner has not shown that the OCCA's decision was

contrary to or an unreasonable application of the controlling Donnelly standard.

Accordingly, Petitioner is not entitled to habeas relief concerning this claim.

V. Jury Instructions

Petitioner contends in ground three of the Petition that the trial court erred in refusing

to give his requested jury instructions on entrapment.  Although Petitioner's defense counsel

submitted proposed jury instructions on entrapment, the trial court refused to give the

instructions. OR 59, 91, 99-101; TR 231.  In his direct appeal, Petitioner argued that he was

entitled to entrapment instructions based on Ms. Schultz's testimony at trial that she had

informed Petitioner she "needed" the cocaine she was going to purchase from him.

Specifically, Ms. Schultz testified:

> that day I called Detective Murley and told him I was going to
> make a buy, that I had seen [Petitioner], that I can make a buy
> off him.  And we had to do it quickly because [Petitioner]
> already knew I need - - needed the 20 that I wanted to get so me
> and Detective Murley met at the prearranged location at 1:50.

TR 125.  The OCCA rejected this claim with no explanation other than a reference to a prior

decision of the court.  In that case, Cooper v. State, 810 P.2d 1303 (Okla. Crim. App. 1991),

the OCCA held that "[i]t is not entrapment for police to simply furnish a defendant with an

15

opportunity to commit a crime." Id. at 1305.

"A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995).  The issue is "not whether the instruction is undesirable, erroneous, or even universally condemned, but whether the instruction so infected the trial that the resulting conviction violates due process." Id. (internal quotations omitted).   In this case, Petitioner has not shown that the trial court's failure to instruct on entrapment resulted in a fundamentally unfair trial.

Entrapment exists "only when there is undisputed testimony which shows *conclusively* and *unmistakably* that an otherwise innocent person was induced to commit the criminal act." United States v. Nguyen, 413 F.3d 1170, 1178 (10th Cir. 2005), cert. denied, 546 U.S. 1125 (2006)(internal quotation marks and alteration omitted).  See Leech v. State, 66 P.3d 987, 989-990 (Okla. Crim. App. 2003)("Traditional entrapment situations may occur when an unwary innocent person is trapped into committing a crime.").  Thus, "[s]imple evidence that a government agent solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement.  Inducement also will not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime." Id.   "The Supreme Court has long recognized that the defense of entrapment 'is not of a constitutional dimension.'" Vega v. Suthers, 195 F.3d 573, 583 (10th Cir. 1999)(quoting United States v. Russell, 411 U.S. 423, 433 (1973)).

There was no evidence at trial that Petitioner was an "otherwise innocent person" who was improperly induced to sell cocaine base to the confidential informant. The trial record shows that the informant approached Petitioner and offered Petitioner the opportunity to sell the illegal drug to her. Petitioner did not testify at his trial, and there was no evidence presented at Petitioner's trial showing he was improperly coerced into selling the drug to the confidential informant. The OCCA's decision in this regard was not contrary to or an unreasonable application of clearly established Supreme Court jurisprudence, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented at Petitioner's trial. Accordingly, Petitioner is not entitled to habeas relief concerning this claim.

VI. <u>Ineffective Assistance of Trial Counsel - Failure to Raise Entrapment Defense and Batson Error</u>

In ground four of the Petition, Petitioner contends that he was denied his Sixth Amendment right to the effective assistance of trial counsel. Petitioner did not raise this claim in his direct appeal. In his post-conviction application, Petitioner asserted for the first time that he was denied constitutionally effective assistance of counsel because his trial counsel did not assert an entrapment defense and did not challenge the racial composition of the jury. The district court mistakenly found that this claim was raised in Petitioner's direct appeal and was therefore barred from further consideration. In affirming the district court's decision, the OCCA stated, in relevant part: "As for Petitioner's claims of prosecutorial misconduct and the alleged errors related to petitioner's entrapment defense, Judge Goodwin

17

noted that these issues had all been addressed on direct appeal, and were not subject to reconsideration through post conviction." Response, Ex. 8, at 2.  The OCCA made no express findings with respect to Petitioner's Sixth Amendment claim.  It appears that the OCCA found that judicial review of this claim was barred by either *res judicata* or the appellate court's procedural bar rule, although the decision does not clearly assert either ground as a basis for its refusal to consider the Petitioner's ineffective assistance claim.  Because the OCCA's decision lacks a "'plain statement that its decision rests upon adequate and independent state grounds,'" the court should review the merits of this Sixth Amendment claim.  Harris v. Reed, 489 U.S. 255, 261-262 (1989)(quoting Michigan v. Long, 463 U.S. 1032, 1042 (1983)).

Even if the OCCA's decision in Petitioner's post-conviction appeal can be interpreted to reflect that the OCCA applied its procedural bar rule with respect to the Petitioner's Sixth Amendment claim, the Tenth Circuit Court of Appeals has concluded that OCCA's procedural default doctrine has limited application in the resolution of procedurally-defaulted ineffective assistance of counsel claims raised by Oklahoma prisoners.  On habeas review, federal courts will generally not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice.  Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Coleman v. Thompson, 501 U.S. 722, 750 (1991); Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998).

"'A state court's finding is considered independent if it is separate and distinct from federal law.'" Klein v. Neal, 45 F.3d 1395, 1397 (10th Cir. 1995)(quoting Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994), cert. denied, 515 U.S. 1135 (1995)(internal quotations omitted)).   "'A state court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is strictly or regularly followed.'" Id. (quoting Brecheen, 41 F.3d at 1353)(internal quotations omitted).   Generally, the OCCA's application of its procedural bar rule in denying post-conviction relief is both independent of federal law and an adequate state ground for the court's decision. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 525 U.S. 933 (1998).   However, with respect to claims of ineffective assistance of trial counsel, Oklahoma's procedural bar rule is an adequate basis for the OCCA's decision not to review a claim of ineffective assistance of trial counsel only if the state's procedures (1) allow the petitioner an opportunity to consult with separate counsel on appeal in order "to obtain an objective assessment of trial counsel's performance" and (2) either the claim could have been resolved on the trial record alone or the state provided a procedural mechanism on direct appeal for the petitioner to adequately develop the factual basis of the ineffective assistance claim. Cannon v. Mullin, 383 F.3d 1152, 1172-1175 (10th Cir. 2004), cert. denied, 544 U.S. 928 (2005).   Accord, Miller v. Champion, 161 F.3d 1249, 1252 (10th Cir. 1998).   The Oklahoma procedural bar "will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claims can be resolved on the trial record alone.   All other ineffectiveness claims are procedurally barred only if

19

Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." <u>Snow v. Sirmons</u>, 474 F.3d 693, 726 n. 35 (10th Cir. 2007).

In this case, Petitioner had different counsel for his direct appeal. Petitioner asserted in his post-conviction application, as he does in his Petition, that he was entrapped because the confidential informant repeatedly offered "sex" in exchange for drugs. Response, Ex. 4, at 22; Petitioner's Brief in Support, at 23. This claim could not be resolved based on a review of the trial record. Accordingly, the OCCA's application of its procedural bar rule to preclude review of Petitioner's procedurally-defaulted ineffective assistance claim was not an adequate state ground for the court's decision, and judicial review of the merits of the claim is not barred by the OCCA's decision. With respect to the appropriate standard of review under these circumstances, the Tenth Circuit Court of Appeals has explained that if the state court did not decide a federal claim on the merits, and the claim is not procedurally barred, the claim is considered "de novo and AEDPA deference does not apply." <u>Brown v. Sirmons</u>, 515 F.3d 1072, 1087 (10th Cir. 2008)(quoting <u>Harris v. Poppell</u>, 411 F.3d 1189, 1196 (10th Cir. 2005)).

Evaluation of the effectiveness of Petitioner's trial counsel's assistance "requires a two-part inquiry. 'In order to prevail, the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Williamson v. Ward</u>, 110 F.3d 1508, 1514 (10th Cir. 1997)(quoting <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986)). Trial counsel's

performance is evaluated from the attorney's perspective at the time of the assistance, considered in light of all the circumstances prevailing at that time, and indulging a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).

Petitioner first contends that his trial counsel provided constitutionally ineffective assistance by failing to present an entrapment defense at trial.  However, in view of the substantial evidence of Petitioner's guilt admitted at his trial, Petitioner has failed to show a reasonable probability that raising such a defense would have changed the outcome of his trial. Additionally, raising such a defense would have opened the door to evidence that Petitioner was an illegal drug user.  The entrapment defense protects an "otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law." Jacobson v. United States, 503 U.S. 540, 553-554 (1992).  In light of his admitted drug addiction, Petitioner's Brief in Support, at 18, and his previous criminal history, "the record discloses a less than law abiding background" that suggests an entrapment defense would have been an unreasonable trial strategy. United States v. Casanova, 970 F.2d 371, 375 (7th Cir. 1992). See United States v. Nguyen, 413 F.3d 1170, 1178 (10th Cir. 2005)("'Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be inferred from defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity.'")(quoting United States v. Duran, 133 F.3d 1324, 1335 (10th Cir. 1998)).  Petitioner's trial counsel presented a

defense of innocence by arguing that Petitioner did not deliver an illegal substance to the confidential informant.  Petitioner has not shown that his counsel's failure to assert an entrapment defense or object to the failure of the trial court to instruct the jury on entrapment was outside the wide range of reasonable assistance required of defense counsel under Strickland, supra.  Nor has Petitioner shown prejudice as a result of his trial counsel's failure to pursue an entrapment defense or object to the trial court's decision not to instruct the jury on entrapment.

Petitioner next contends that his trial counsel provided constitutionally ineffective assistance by failing to challenge the racial composition of the jury.  Petitioner has asserted a separate claim in ground five that his equal protection rights were violated by racial discrimination in the selection of the jury.  The trial record reflects that Petitioner's defense counsel objected only once during jury selection to the use of a peremptory challenge by the prosecution. TR 100.  In response to Petitioner's defense counsel's objection and request for "a race-neutral reason why that juror was excused," the prosecution stated there was "no objection then to keeping [that juror] on" the jury. TR 100-101.  The juror remained on the jury panel, TR 101, and no other objections were made by defense counsel concerning the racial composition of the jury.

"The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race or on the false assumption that members of his race as a group are not qualified to serve as jurors." Batson, 476 U.S. at 86 (internal citations omitted).  "Purposeful racial discrimination in selection of the venire

violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure." Id. Batson requires that a defendant make out a prima facie case "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose" in the selection of jurors. Id. at 93-94.

In his Brief in Support of the Petition, Petitioner asserts that he is African-American and that he was "purposefully denied the right to have a member of his own race or any other race other than White" on his jury. Petitioner's Brief in Support, at 29. Petitioner raised this claim in his post-conviction application. The district court denied the claim, and the OCCA affirmed the district court's decision. The OCCA relied on its procedural default rule barring claims not raised in a direct appeal, and, alternatively, the OCCA rejected the claim on its merits.

Leaving the complex issue of procedural default aside,[2] to the extent Petitioner is asserting in ground five that his equal protection rights were violated based solely on the racial composition of the jury panel chosen for his trial, Petitioner's claim of a constitutional violation is without merit. See Batson, 476 U.S. at 86 n. 6 (Sixth Amendment does not require that petit juries actually chosen must mirror the community or reflect proportional representation of various groups in the population). To the extent Petitioner is asserting that racial discrimination was employed in the selection of the jury, the record of Petitioner's trial described above does not provide any evidence creating an inference of discrimination based

---

[2]See Snow v. Sirmons, 474 F.3d 693, 717 (10th Cir. 2007)("We can avoid deciding procedural bar questions where claims can readily be dismissed on the merits.").

on race in the selection of the jury.  Indeed, the record shows that Petitioner's defense counsel objected to the use of a peremptory challenge by the prosecution and asked for a race-neutral reason for the challenge.  The prosecutor withdrew the challenge, and that juror remained on the jury.  Because the trial record does not provide any evidence supporting an inference of discriminatory purpose in the selection of jurors to serve in Petitioner's trial, Petitioner has not shown that his trial counsel's failure to object to the racial composition of the jury was outside the wide range of reasonable professional assistance demanded of criminal defense attorneys under Strickland, 466 U.S. at 689.

Petitioner has failed to show a violation of his Sixth Amendment right to effective assistance of counsel  under the prevailing standard established in Strickland.  Additionally, Petitioner's claim of a violation of Batson in the selection of the jury is without merit. Accordingly, Petitioner is not entitled to habeas relief with respect to the issues raised in grounds four and five of the Petition.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by _____July 22nd_____ , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are further advised that failure to make timely objection to this Supplemental Report and Recommendation waives their respective right to appellate review

24

of both factual and legal issues contained herein.  <u>Moore v. United States of America</u>, 950

F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

ENTERED this ___2nd___ day of _____July_____, 2008.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE